## SANDERS ENGINEERING CO. *vs.* FRED C. SMALL.

Cumberland County.    Decided October 20, 1917.    This case comes before the Law Court on the defendant's general motion for a new trial.    It is an action on an account annexed for labor and materials furnished in building a dam.    The jury returned a verdict for the full amount claimed by the plaintiff, $499.63.    At the trial a question was raised as to the amount of the bill, the defendant claiming that the plaintiff agreed that the cost of the dam would not exceed $280; on the other hand the plaintiff contended that the figure given was only its estimate of the cost, and that the contract was for the plaintiff to build the dam at cost plus 10% for profit.    But the real vital question at the trial was that of the defendant's liability—whether he agreed to see that the plaintiff was paid for building the dam; and that is the only question considered in the brief for defendant in support of his motion.

In 1913 the plaintiff built a concrete bridge for the town of Cornish across Little River, so called, a small stream running through the village of Cornish. Just before the completion of the bridge a movement was started by some of the citizens of the village to have a dam built, just southerly of and close to the bridge, to raise a head of water and thereby create a pond to cover up a low and unsightly section, and thus improve the general appearance of the village. Subscriptions for the purpose, in sums from one to ten dollars, were obtained from upwards of fifty persons, and some verbal pledges were made. The defendant was interested in the project, he obtained some of the subscriptions and had conversations with Mr. Sanders of the plaintiff company, before the completion of the bridge, as to the cost of the proposed dam, and concerning the progress being made in obtaining the subscriptions.

Both parties agree that there was a final conversation between them on the bridge before the work of building the dam was started. As to that conversation Mr. Sanders testified: "Mr. Small told me that he didn't have money enough subscribed at that time to build the dam, and that some was down on paper and some was promised by word of mouth, but that he felt justified in telling me to go ahead and build this dam, and that he would see that I got the money for it. That was the final talk that I had with him." On the other hand, Mr. Small flatly denied that he told Sanders to go ahead with the work and that he would see that he got his money for it. He said that he told him at that final conversation, that sufficient funds had not been pledged to pay for the work, and that he "didn't think there was any doubt but that we could get further subscriptions on the list." A Mr. Copp was called in behalf of the defendant and testified that he was present at that final conversation between the parties and that he felt sure Mr. Small did not tell Sanders to go ahead with the work and he would see that he got paid for it.

Thus it plainly appears that upon that disputed issue as to the defendant's liability the evidence was sharply conflicting. It is strongly urged that it is not reasonable to suppose the plaintiff would have built that dam relying solely for his pay upon so many small subscriptions as the case discloses, the real practical value of which does not appear to have been made certain to it. On the other hand, it is urged that it is likewise unreasonable to suppose that the defend-

ant, being interested in the project only in common with other citizens of the town, would personally obligate himself to pay the plaintiff for the work.

Whether or not the defendant directed the plaintiff to build the dam and promised to see it paid for the work, was a question of fact. At a previous trial of this case a jury decided that question of fact in the plaintiff's favor. That verdict was set aside because of the exclusion of a certain letter written by the attorney for the plaintiff to one of the subscribers and offered in evidence by the defendant as tending to show that the plaintiff relied solely upon the subscriptions for its pay for the work. At this last trial, with that letter admitted, the jury likewise have decided that the defendant became personally liable to the plaintiff for building the dam. There is nothing in the record to indicate that the verdict does not represent the fair and unbiased judgment of the jury upon the disputed issues involved in the case. Although this court might have reached a different conclusion as to the defendant's liability, had that question been primarily presented to it for decision, nevertheless, it has not been made to appear that the verdict of the jury in the plaintiff's favor is so clearly wrong that it should be set aside. Accordingly the entry will be, motion overruled. *P. A. Bowie*, for plaintiff. *Walter P. Perkins, and William Lyons*, for defendant.